IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation, AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas Corporation, AUTO UNDERWRITERS OF AMERICA, a California corporation, | ) ) ) ) ) ) ) | Case Number 07 C 7160 |
| Plaintiffs, | ) ) | **Honorable Judge David H. Coar** |
| v. | ) ) | **Magistrate Judge Susan E. Cox** |
| AGM, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant AGM, LLC ("AGM" or "Defendant"), through its attorneys, hereby respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiffs have attempted to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332, asserting that there is a "complete diversity of citizenship between the parties." (Complaint, ¶ 5.) As set forth below, Plaintiffs are wrong. Complete diversity between the parties is lacking here because Defendant AGM, a limited liability company, has at least one member – when its members are traced all the way through to natural persons, as required for determining diversity

jurisdiction – with the same state of citizenship as one of the Plaintiffs.  Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

I.      **Complete Diversity Is Required To Confer Jurisdiction And This Court Must Consider The Evidence Submitted By Defendant And Not Simply Defer To The Allegations Of The Complaint.**

The federal diversity statute confers jurisdiction in the federal courts over civil actions between "citizens of different States."  28 U.S.C. § 1332(a).  Since its enactment, courts have interpreted the diversity statute to require "complete diversity" of citizenship: that is, no opposing parties may be citizens of the same state.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990), *citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

A court need not accept the bald allegations of a complaint that diversity exists.  To the contrary, "in any case involving diversity jurisdiction, before proceeding to the merits, this court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332."  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) (addressing deficiencies in jurisdictional statements at both the district court and appellate court level and stating that "an appellant's naked declaration that there is diversity of citizenship is never sufficient.")  Particularly where – as here – a party has moved to dismiss a complaint for lack of subject matter jurisdiction and submitted an affidavit to show that diversity does not exist, "[t]he court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists."  *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993), *citing Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

Indeed, the courts of this Circuit will make this determination regarding subject matter jurisdiction solely on the basis of an affidavit. *See, e.g., Gingiss Owners Ass'n, Inc. v. Gingiss Group, Inc.*, 2003 WL 22118929 (N.D.Ill.) *3 (affidavit of defendant's CEO was sole evidence as to citizenship of parties so as to demonstrate lack of complete diversity and court's lack of subject matter jurisdiction); *Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir 1986) (resolving "serious question of federal jurisdiction" by accepting "an affidavit attesting that on the date the suit was filed all of the trustees were in fact citizens of different states from the plaintiffs."); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (stating that courts making a Rule 23 inquiry must "receive evidence (*if only by affidavit*)" before deciding whether to certify a class just as they "make similar inquiries routinely under Rule 12(b)(1)" before deciding whether they possess subject matter jurisdiction)(emphasis supplied).

Moreover, when the existence of subject matter jurisdiction is challenged by the defendant as a factual matter in a Rule 12(b)(1) motion to dismiss, the burden of proving jurisdiction rests with the plaintiff. *Bobeck v. Dept. of Health and Human Services*, 1996 WL 89111, *2 (N.D. Ill. Feb. 27, 1996), *citing Grafon*, 602 F.2d at 783. Thus, Plaintiffs now have the burden of proving that subject matter jurisdiction exists here, which they cannot do.

**II.     The Evidence Submitted By Defendant Demonstrates That Complete Diversity Does Not Exist Here And That This Court Does Not Have Jurisdiction Over This Matter.**

As set forth in the Declaration of Gregory Bell ("Bell Dec."), attached hereto and incorporated herein, AGM is a limited liability company ("LLC") organized under the laws of the state of Delaware. (Bell Dec., ¶ 2.) For purposes of determining diversity jurisdiction, the

citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Thus, this Court must look to the members of AGM to determine whether subject matter jurisdiction exists. However, the sole owner of AGM is Lancelot Investors Fund LP, a Delaware limited partnership. (Bell Dec., ¶ 3.) This fact dictates that the inquiry continue, because "a 'limited partnership association' – although possessing 'some of the characteristics of a corporation' and deemed a 'citizen' by the law creating it – may not be deemed a 'citizen' under the jurisdictional rule established for corporations." *Carden*, 494 U.S. at 189. Thus, this Court must inquire further into the citizenship of the partners of the limited partnership. The inquiry here is virtually identical to the jurisdictional analysis conducted by the Seventh Circuit in *Thomas*, where the Court looked at the members of the defendant LLC only to find that one of the members was a partnership, thus necessitating further inquiry into the citizenship of each of the individual partners. *Thomas*, 487 F.3d at 534.

The partners of Lancelot Investors Fund LP are a general partner – Lancelot Investment Management LLC, a Delaware limited liability company – and numerous limited partners. (Bell Dec., ¶ 4.) A federal court must look to the citizenship of a partnership's limited partners, as well as its general partners, to determine whether there is complete diversity. *Carden*, 494 U.S. at 192. Here the analysis reaches its conclusion, because the evidence demonstrates that at least one of the limited partners of Lancelot Investors Fund LP is a California resident. (Bell Dec., ¶ 6.) This fact destroys complete diversity because, according to the Complaint, Plaintiff Auto Underwriters of America is a California corporation and thus also a citizen of California. (Complaint, ¶ 3.) Therefore, at least one Plaintiff and one member of Defendant are citizens of California.

–4–

**Conclusion**

Complete diversity between parties is an absolute requisite of subject matter jurisdiction under 28 U.S.C. § 1332(a).  Because at least one Plaintiff and one member of Defendant are citizens of the same state – California – complete diversity between the parties is destroyed and this Court lacks subject matter jurisdiction over this matter.

WHEREFORE, Defendant requests that this Court dismiss this matter for lack of subject matter jurisdiction.

DATED:  February 8, 2008　　　　　　　　　__/s/ David J. Stagman
　　　　　　　　　　　　　　　　　　　　　David J. Stagman
　　　　　　　　　　　　　　　　　　　　　I.D. # 6217440
　　　　　　　　　　　　　　　　　　　　　KATTEN MUCHIN ROSENMAN LLP
　　　　　　　　　　　　　　　　　　　　　525 W. Monroe Street
　　　　　　　　　　　　　　　　　　　　　Suite 1900
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60661
　　　　　　　　　　　　　　　　　　　　　Telephone:  312-902-5200
　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant AGM, LLC