IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation; AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas corporation; AUTO UNDERWRITERS OF AMERICA, INC., a California corporation;<br><br>Plaintiffs,<br><br>v.<br><br>AGM, LLC, a Delaware limited liability company.<br><br>Defendant. | Case No. 07 C 7160<br><br><br><br>**Honorable Judge David H. Coar**<br><br><br><br>**Magistrate Judge Susan E. Cox** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC. (hereinafter individually referred to as "AUP"), AUTO UNDERWRITERS FINANCE COMPANY, INC. (hereinafter individually referred to as "AUF"), AUTO UNDERWRITERS OF AMERICA, INC. (hereinafter individually referred to as "AUA") (collectively, the "Plaintiffs"), by and through their attorneys, Epstein Becker & Green, P.C., hereby respond to and oppose Defendant's, AGM, LLC's ("AGM" or "Defendant") motion to dismiss. Defendant's outright refusal to provide basic information and, in turn, their failure to abide by the rules of this Court, has hampered a straightforward confirmation as to whether there exists complete diversity between the parties. In support of Plaintiffs' position, they set forth as follows:

CH:207755v3

I.  **Introduction**

Plaintiffs' Complaint, and supporting exhibits thereto, were filed on December 20, 2007. As set forth in the Complaint, Plaintiffs' basis of jurisdiction, subject to 28 U.S.C. § 1332, was complete diversity of citizenship between Plaintiffs and Defendant and that the amount in controversy exceeded the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiffs correctly identified AGM as a Delaware limited liability company with its principal place of business in Illinois. Compl. ¶ 4.

Defendant, in response, stated that Plaintiffs' Complaint should be dismissed because there is a lack of complete diversity between the parties. Namely, Defendant maintains that:

1. As a limited liability company ("LLC"), AGM's sole member or owner is Lancelot Investors Fund LP – a Delaware limited partnership consisting of general and limited partners. (G. Bell Dec. ¶ 3; Mtn. to Dismiss at 4).

2. The partners of Lancelot Investors Fund LP include a general partner, Lancelot Investment Management LLC, a Delaware limited liability company, and multiple limited partners. (G. Bell Dec. ¶ 4; Mtn. to Dismiss at 4).

3. One of Lancelot Investors Fund LP's limited partners, *unnamed by Defendant to date*, is a citizen of the State of California. (G. Bell Dec. ¶ 6; Mtn. to Dismiss at 4).

4. Because AUA is a California corporation and the above-referenced unnamed limited partner of Lancelot Investors Fund LP's is a California citizen, complete diversity between the parties is destroyed. (Compl. ¶ 3; Mtn. to Dismiss at 4).

Plaintiffs do not dispute Defendant's reasoning regarding a determination of diversity jurisdiction. Plainly, limited liability companies are citizens of every state of which any member

is a citizen.[1]  *See Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir. 2007). Further, a limited partnership is a citizen of every state of which any partner – general or limited – is a citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("The citizenship of the partnership is the citizenship of the partners.").

Plaintiffs' dispute, however, is with Defendant's failure to provide threshold information by which to establish its claim of a lack of diversity between the parties. Defendant openly states that the very information on which a firm determination of diversity can be made is *not publicly available*. (G. Bell Dec. ¶ 6; Mtn. to Dismiss at 4).  Nonetheless, Defendant suggests that it is Plaintiffs' burden to disprove the evidence contained in the declaration of Gregory Bell. (Mtn. to Dismiss at 3.)  These two statements defy the court's standard call for judicial economy and fair play, considering that it is Defendant, in fact, who has consciously disregarded the rules of this Court regarding corporate disclosure and rebuffed Plaintiffs' reasonable attempts to simply affirm Defendant's claim regarding the citizenship of an individual partner.  In the same vein that Defendant argues in its motion that a "court need not accept the bald allegations of a complaint that diversity exists,"[2] Plaintiff responsively suggests that a court need not accept the bald and unsubstantiated assertions by Defendant that diversity is lacking when the very determination of diversity turns on verifiable proof of an individual's citizenship.  Therefore, the expeditious and reasonable course of action is to require Defendant to provide greater detail and information to validate its claim.

---

[1] Further, Plaintiffs recognize that, under *Hicklin Engineering, Inc. v. Bartell*, 439 F.3d 346 (7th Cir. 2006), the citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations and other entities that have multiple citizenships.
[2] Defendant's Motion to Dismiss at 2.

## II. Defendant's Claim as to the Confidential Nature of the Limited Partner's Identity Violates Local Rule 3.2.

In making its motion, Defendant has failed to meet the minimum requirements established under Local Rule 3.2 and, in the process, has refused to provide basic information necessary to this Court and Plaintiffs in making a definitive determination as to whether complete diversity exists between the parties. By its own admission and supporting declaration, the identity of the individual who, by Defendant's claim, serves to destroy diversity in this matter, is "not publicly available information." (G. Bell Dec., ¶ 6). As presently constituted, therefore, Plaintiffs have no independently verifiable way in which to confirm the name and address of this individual who, by Defendant's representation, claims California citizenship. While a review of Delaware corporate records can identify information as to the name of Lancelot Investors Fund LP's *general* partner, the state does not similarly require or make available the names of *limited* partners.

Under Local Rule 3.2, Defendant, in fact, is required to disclose certain corporate information "with the complaint or answer, or upon filing a motion, response, or petition, whichever occurs first." (L.R. 3.2(b)). This disclosure must occur in the form of a "statement identifying all of its affiliates." (L.R. 3.2(a)). Despite filing an initial motion for an extension of time, and a subsequent motion to dismiss, Defendant has filed no such statement to date.[3] Instead, Defendant has affirmed by motion and declaration only that Lancelot Investors Fund LP is the "sole owner of AGM" and that Lancelot Investment Management LLC is a general partner of Lancelot Investors Fund LP. (Mtn. to Dismiss at 4; G. Bell Dec. ¶¶ 3-4).

---

[3] By rule, Defendant should have provided the requisite corporate disclosure statement with its initial filing, Defendant's Agreed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiffs' Complaint, filed with this Court on January 9, 2008 (Docket Entry #10). Regardless, Defendant has continued to violate the local rules by failing to make such disclosure upon filing its motion to dismiss on February 8, 2008 (Docket Entry #13).

By rule, an "affiliate" is defined to include any member in "the case of a partnership, joint venture, *LLC* or LLP." L.R. 3.2(B) (emphasis added). Here, the affiliate of the LLC is Lancelot Investors Fund LP, and it is compulsory that Defendant provide such information in its Local Rule 3.2 statement. Further, "[i]f any such affiliate is itself a *partnership*, joint venture, LLC, LLP or any other unincorporated association, its "affiliates" (as defined above) shall also be included within the definition of "affiliate." (Emphasis added). Here, the next level of "affiliate" of the partnership includes any member of that partnership, *i.e.* the partners – limited or general – of the partnership. Therefore, pursuant to L.R. 3.2, Defendant must disclose *all* of its general and limited partners, including the referenced limited partner who is purportedly a citizen of California.

III.  **Defendant has failed to identify whether the unidentified individual even held partnership in Lancelot Investors Fund LP at the time of the filing of Plaintiffs' Complaint.**

Beyond Defendant's patent violations of Local Rule 3.2, Defendant also has failed to confirm when the limited partner at issue became a partner with Lancelot Investors Fund LP and, in turn, whether this individual was a partner as of the time of Plaintiffs' filing of its Complaint on December 20, 2007. As it currently stands, Plaintiffs have no information on which to rely with respect to affirmation of Defendant's position that there is a lack of complete diversity.

IV.  **Gregory Bell's Declaration, and the Attendant Arguments Set Forth by Defendant, are Inconsistent with Applicable Law of this Circuit.**

Defendant argues that an affidavit from a corporate executive or chief officer is sufficient when attesting to the citizenship of a party or parties in the instance when a diversity jurisdiction issue arises. (Mtn. to Dismiss at 3). Yet *none* of the cases cited by Defendant deal with the very proof of citizenship or jurisdiction being obscured by the intentional refusal of a party to reveal simple proof for a claim of a lack of jurisdiction. In fact, under *Gingiss Owners Ass'n, Inc. v.*

*Gingiss Group, Inc.*, 2003 WL 22118929 (N.D. Ill. Sept. 11, 2003), a case relied on by Defendant, the court noted that it can "consider affidavits *and other documentary evidence to determine whether subject matter jurisdiction exists*. *Id.* at *2 (emphasis added). Here, Plaintiffs simply are asking for consideration of "other documentary evidence," or a brief period of discovery limited to the jurisdiction issue, to determine an as-yet unsupported claim of citizenship. Further, the court's ruling in *Szabo v. Bridgeport Machines, Inc.* 249 F.3d 672 (7th Cir. 2001), also relied on by Defendant, highlights Plaintiffs' very argument – that the court need not simply take the word of a party as to jurisdiction but, instead, "[w]hen jurisdiction or venue depends on contested facts-even facts closely linked to the merits of the claim-the district judge is free to hold a hearing and resolve the dispute before allowing the case to proceed." *Id.* at 676-677.

Further, Defendant's actions strike at the very nature of the recent Seventh Circuit decision in *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007), also relied on in Defendant's motion. In *Guardsmark*, the Court held that "in any case involving diversity jurisdiction, before proceeding to the merits, this court must *independently determine* whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332." *Id.* at 533 (emphasis added). In determining a party's failure to disclose all relevant information, the Seventh Circuit directed the appellant, subject to Circuit Rule 28(a)(1), to "provide a complete disclosure of its members' identities and citizenships and, if necessary, the members' members' identities and citizenships." *Id.* at 534. Consistent with *Guardsmark*, an LLC such as AGM must a) provide a "jurisdictional statement" and b) "identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

In actuality, there is analogous and relevant Seventh Circuit case law on this very issue. In *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, the defendant limited partnership challenged plaintiff's claim of complete diversity. 980 F.2d 1072 (7th Cir. 1992). In *Best Inns*, the Seventh Circuit required the parties to "enlarge the record to show the citizenship of every partner as of the date the complaint was filed." *Id.* at 1073. In fact, "counsel needed to specify the citizenships of the natural persons, of all trustees, and the two citizenships of each corporate partner." *Id.* The same requirement should exist for AGM.

Here, Defendant simply refuses to provide Plaintiffs or this Court any verifiable proof by which to affirm the claim that the unnamed limited partner is, indeed, a California resident. Gregory Bell, General Manager of AGM and President of Lancelot Investment Management, LLC, states in his declaration that "[a]t least one of the limited partners of Lancelot Investor Funds LP is a California resident. This information is easily ascertainable by me but is not publicly available information. *To the contrary, the identity of Lancelot Investor Funds LP's limited partners – its investors – is treated as confidential information . . .*" (G. Bell Dec. at ¶ 6) (emphasis added). Defendant effectively has asked Plaintiffs simply to take its word for the fact that this limited partner of a partnership that is the member of AGM is a California citizen.

Beyond the clear violation of Local Rule 3.2, as discussed in Section II above, Mr. Bell's mere assertion that the identity of a partner is confidential simply because he claims it as such falls well short of a justifiable basis for obscuring an individual's identity. *See Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002) (party claiming confidentiality must provide specific basis for claim); *Composite Marine Propellers, Inc. v. Van Der Woude,* 962 F.2d 1263, 1266 (7th Cir. 1992) (litigant must do more than simply identify a kind of information and demand secrecy). A blanket protection of a limited partner's identity, for reasons as yet

unexplained, is simply unacceptable given the stakes of determining whether the very case can even proceed in this court.

Ultimately, when the court asks for reasonable proof and information meeting the standards for establishing diversity jurisdiction from a plaintiff, then a defendant also must meet its burden "by supporting her allegations of jurisdiction with 'competent proof.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997), *quoting McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). Here, Defendant has not demonstrated such proof under the operable Local Rules and standards of reasonableness.

**V.   Defendant's adherence to Local Rule 3.2 or, in the alternative, limited discovery on the issue of diversity jurisdiction, is warranted by Defendant's actions to date.**

Defendant argues that: (i) it is Plaintiffs' burden to disprove the affidavit evidence; and (ii) the citizenship information is not publicly available. In making such assertions, Defendant blithely ignores its obligation under Local Rule 3.2. Nonetheless, if this court places value in Defendant's position, and does not require Defendant to identify the partner in question as part of its corporate disclosure statement to the court, then Plaintiffs should be permitted to conduct discovery limited to the jurisdiction issue to resolve the outstanding question. Plainly, additional documentary evidence not otherwise available to the public would expediently resolve this needless delay caused by Defendant's actions to date. It is neither unreasonable nor unprecedented for a district court to conduct a further inquiry regarding diversity jurisdiction, "whether by evidentiary hearing, discovery, further affidavits, or any combination of these, or by other means." *Bank One Texas, N.A. v. Montle*, 964 F.2d 48 (1st Cir. 1992). In this situation, it is both equitable and just, particularly where the very question of subject matter jurisdiction hangs in the balance, to allow Plaintiffs to at least validate the representation as to this individual's citizenship.

**07 C 7160**

Dated:  March 6, 2008               Respectfully Submitted,

                                    EPSTEIN BECKER & GREEN, P.C.

                                    By:    /s/ Hans U. Stucki
                                           Attorney for Plaintiffs

Hans U. Stucki, Esq.
Corey M. Perman, Esq.
EPSTEIN BECKER & GREEN P.C.
150 North Michigan Ave. 35th Floor
Chicago, Illinois 60601-7553
Telephone:    312-499-1400
Facsimile:    312-845-1998

CH:207755v3                         9

07 C 7160

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2008, I caused a copy of the foregoing document to be filed electronically with the Clerk of the Court, pursuant to the amended General Order on Electronic Case Filing (07-0023) and the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System under Fed. R. Civ. P. 5. Pursuant to this court's CM/ECF procedures, electronic notice of Plaintiffs' filing of the foregoing document will be administered by the United States District Court for the Northern District of Illinois to:

David J. Stagman, Esq.
KATTIN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Suite 1900
Chicago, Illinois 60661


By:　/s/ Hans U. Stucki
　　　Hans U. Stucki