IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation, AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas Corporation, AUTO UNDERWRITERS OF AMERICA, a California corporation, | ) ) ) ) ) ) | Case Number 07 C 7160 |
| | ) | **Honorable Judge David H. Coar** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Magistrate Judge Susan E. Cox** |
| AGM, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)

Defendant AGM, LLC ("AGM" or "Defendant"), through its attorneys, hereby respectfully submits this reply memorandum in support of its motion to dismiss Plaintiffs' complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### Introduction

AGM has moved to dismiss the Complaint on the basis that there is not complete diversity between the parties and thus no federal subject matter jurisdiction exists. In support of this motion, AGM has submitted two sworn declarations of its manager, Gregory Bell, attesting that at least one of AGM's limited partners is a citizen of California: complete diversity is thus destroyed because

−1−

one of the Plaintiffs here is also a California citizen.[1] The parties do not dispute that the jurisdictional analysis hinges on the citizenship of the members or partners of AGM, a limited liability company, nor do they dispute that the existence of a California limited partner at the time of filing would destroy complete diversity. (*See* Plaintiffs Opposition to AGM's motion to dismiss ("Opp."), Docket #17, at 2-3.) Rather, the fundamental dispute appears to be one of proof – Plaintiffs insist that they are not required to trust the declarations submitted by AGM but are instead entitled to see AGM's confidential membership information to confirm the identity of the California limited partner.

Plaintiffs are wrong and have not cited any authority to support such an entitlement. This Court – and this Court alone – gets to decide how much proof is necessary to confirm the existence of the California limited partner. AGM has cited strong Seventh Circuit authority that AGM's declarations alone are sufficient for this Court to make this determination, and Plaintiffs have not refuted this cases – nor could they. Instead, Plaintiffs misquote and torture the language of numerous cases in an attempt to support their position, even to the extent of repeatedly citing a superseded version of Local Rule 3.2 to attack AGM and insist – erroneously – that AGM must disclose its confidential membership information. Of course, as discussed below, this Court can see whatever additional information it desires, but should do so by conducting an *in camera* review so as to avoid disclosure of AGM's confidential information to Plaintiffs. Plaintiffs' assertion that they are entitled to see the confidential information themselves – like their analysis of the case law and Local

---

[1] The first declaration of Mr. Bell – signed and notarized February 6, 2008 – was attached to AGM's Motion to Dismiss (Docket # 13). The second declaration of Mr. Bell is attached hereto as Exhibit A and, as discussed *infra*, will alleviate any potential concern regarding the California limited partner' membership in AGM on the date the Complaint was filed. AGM submits this second declaration not on account of any deficiency in the first declaration, but rather to facilitate the resolution of this dispute with the least additional expenditure of time and resources by this Court and the parties.

Rule 3.2 – is deficient and unsupportable.  Accordingly, this Court should review the declarations submitted by AGM and dismiss this case for lack of subject matter jurisdiction.

I.    **This Court – Not Plaintiffs – Is Charged With Determining Whether Subject Matter Jurisdiction Exists Here And Plaintiffs Are Not Entitled To Examine Confidential Information Regarding Defendant's Members.**

Plaintiffs are fundamentally confused about the difference between this Court's authority and their authority.  Plaintiffs repeatedly assert that ***they*** are entitled to see AGM's confidential membership information to determine whether there is diversity between the parties here.  However, Plaintiffs have not cited a single case to support that entitlement.  To the contrary, the cases cited by Plaintiffs uniformly stand for the proposition that ***this Court*** is entitled to examine affidavits or other evidence to determine whether subject matter jurisdiction exists.  *See, e.g., Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("in any case involving diversity jurisdiction, before proceeding to the merits, *this court must independently determine* whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332." ) (emphasis supplied).

AGM agrees with these cases.  Indeed, as AGM argued in its memorandum in support of its motion to dismiss, the Seventh Circuit and the District Courts of this circuit have repeatedly demonstrated that this Court may rely solely upon Mr. Bell's declarations in determining whether subject matter jurisdiction exists.  *See, e.g., Gingiss Owners Ass'n, Inc. v. Gingiss Group, Inc.*, No. 02 C 7318, 2003 WL 22118929, *3 (N.D. Ill. Sept. 11, 2003) (affidavit of defendant's CEO was sole evidence as to citizenship of parties so as to demonstrate lack of complete diversity and court's lack of subject matter jurisdiction); *America's Best Inns, Inc. v. Best Inns of Abilene*, 980 F.2d 1072, 1073 (7th Cir. 1992) (only soliciting affidavits from counsel to prove citizenship for complete diversity); *Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir. 1986) (resolving "serious question of federal

jurisdiction" by accepting "an affidavit attesting that on the date the suit was filed all of the trustees were in fact citizens of different states from the plaintiffs.")

Of course, as discussed *infra*, this Court can conduct an *in camera* review of other information – specifically AGM's confidential membership information – to satisfy itself that there is no complete diversity here and that no subject matter jurisdiction exists.  However, there is no basis for Plaintiffs' assertion that they also are entitled to see AGM's confidential information.

The Seventh Circuit's decisions in  *Thomas v. Guardsmark* and *America's Best Inns* – both cited by Plaintiffs – do not change this conclusion:  In fact, they confirm it.  Plaintiffs erroneously argue that AGM must disclose the identity and citizenship of all of its members and partners, just as the parties did in *Thomas* and *America's Best Inns*.  (Opp. at 6-7.)  First, as an initial matter, *Thomas* and *America's Best Inns* involved situations polar opposite to the situation here:  In both *Thomas* and *America's Best Inns*, the Seventh Circuit was confronted on appeal by doubts as to whether federal jurisdiction even existed.  *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *America's Best Inns*, 980 F.2d  at 1073.  Accordingly, to satisfy itself that it had subject matter jurisdiction based on diversity, the Seventh Circuit in those cases required a showing as to the citizenship of every party – and every member of every party.

In stark contrast, this Court only has to consider the California citizenship of *one limited partner* to find that complete diversity is destroyed and that this Court lacks subject matter jurisdiction.  There is no logical or legal basis to require any information from AGM other than information relating to the citizenship of one California limited partner.

Moreover – and perhaps more importantly – the Seventh Circuit in *America's Best Inns* did **not** – as Plaintiffs request here – require the parties to disclose the identities of their respective

members.  To the contrary, the Seventh Circuit only required *affidavits of counsel* to demonstrate complete diversity.  *America's Best Inns*, 980 F.2d at 1073 ("*counsel* needed to specify the citizenships of the natural persons, of all trustees, and the two citizenships of each corporate partner.") (emphasis supplied).  Although the Court in *America's Best Inns* ultimately found those affidavits of counsel to be lacking, it did so for reasons not present here and the Court expressed no reservations about the propriety of accepting affidavits as evidence of citizenship for determining subject matter jurisdiction.  Here, AGM has gone far beyond the showing required by the Seventh Circuit in *America's Best Inns* by providing a *sworn declaration* as to the citizenship of its California limited partner from a fact witness with actual knowledge.  Measuring the declarations submitted by AGM in this light, this Court should follow the Seventh Circuit's lead and hold AGM's declarations sufficient for determining subject matter jurisdiction.

II.    **To The Extent That This Court Seeks Information Beyond The Sworn Declarations Submitted By AGM, The Appropriate Course Of Action Is An *In Camera* Review Of Any Additional Confidential Information Relating To The California Limited Partner.**

Where a disputed issue can be easily resolved by reference to materials over which one of the parties asserts confidentiality or other protection, it is routine for courts to conduct an *in camera* review of those materials to resolve the issue.  Indeed, courts of this circuit have conducted *in camera* reviews to address the *precise* dispute at issue here: the identity of the partners of an entity for purposes of determining diversity jurisdiction.  *See, e.g., Memory Mgmt. Controllers, L.P. v. Motorola, Inc.*, No. 3:99-CV-0237, 2000 WL 378563, *2 (N.D. Ind. March 16, 2000) (citing "the list of partners the plaintiff presented to the court for in camera review when the court questioned the existence of diversity jurisdiction.")  Courts of other circuits have done precisely the same thing. *See, e.g. Doe v. City of Clawson*, 915 F.2d 244, 245 n.1 (6th Cir. 1990) ("In an affidavit filed under

seal with the district court, John Doe was identified *in camera* to establish his standing and to verify the court's jurisdiction.")

Of course, courts of this circuit have also held an *in camera* review unnecessary where reliable affidavits are provided. For example, in *Mehringer v. Village of Bloomingdale*, No. 00 C 7095, 2003 WL 21506856 (N.D. Ill. June 27, 2003), the prevailing attorneys submitted affidavits attesting that they had been awarded a rate of $250 per hour in similar cases, but did not name those cases on account of their being subject to confidential settlement agreements. *Id.* at *11. Defendant objected to the sufficiency of the affidavits and the prevailing attorneys responded by offering to submit their prior awards for *in camera* review. *Id.* The court rejected the need for an *in camera* review, holding that "the sworn affidavits are sufficient proof that $250 per hour is a reasonable market rate . . . ." *Id.* Likewise, the sworn declarations provided by Mr. Bell should be considered sufficient to establish that the records of Lancelot Investors Fund LP contain information establishing the existence of a limited partner who is a California citizen.

Finally, this Court should reject Plaintiffs' spurious argument that AGM must make a greater showing of confidentiality to assert protection over its members' information at this stage of the litigation. An examination of the two cases relied upon by Plaintiffs – *Baxter International, Inc. v. Abbott Laboratories* and *Composite Marine Propellers, Inc. v. Van Der Woude* – reveals the desperation of Plaintiffs' argument. In *Baxter*, the Seventh Circuit rejected the parties' attempt to seal *all of the documents* in the *appellate record* under a blanket assertion of confidentiality, citing the public's right to access the appellate record. *See Baxter*, 297 F.3d 544, 545 (7th Cir. 2002). *Baxter* had nothing to do with an assertion of confidentiality at the trial level: Indeed, the Seventh Circuit expressly recognized that assertions of confidentiality are appropriate during the discovery

–6–

stage at the trial level!  *Baxter*, 297 F.3d at 545.  Plaintiffs' citation to the Seventh Circuit's decision in *Composite Marine* is similarly ridiculous.  The cited language of *Composite Marine* – taken out of context by Plaintiffs – stands for the proposition that mere assertions of secrecy cannot support *a cause of action for violation of trade secrets*!  *See Composite Marine Propellers*, 962 F.2d 1263, 1266 (7th Cir. 1992).  Obviously, AGM here is neither attempting to seal an appellate record from public access nor asserting a cause of action for violation of trade secrets.  Rather, AGM has provided a sworn affidavit from a fact witness and corporate representative that the identities of its ultimate investors are customarily treated as confidential information.  At this stage of the litigation – as the Seventh Circuit has recognized – such a showing is more than adequate.  Of course, should this Court decide that a further showing is required to establish the confidentiality of this information (presumably in conjunction with an *in camera* review), AGM will be able to make such a showing at that time.

### III.    Plaintiffs' False Assertions That Local Rule 3.2 Requires AGM to Disclose All Of Its Members Are Based Upon A Superseded Version Of The Rule And Plaintiffs Have No Good Faith Basis For Their Repeated  Inflammatory Accusations Regarding AGM's Compliance With Local Rule 3.2.

Plaintiffs assert that "pursuant to L.R. 3.2, Defendant must disclose *all* of its general and limited partners, including the referenced limited partner who is purportedly a citizen of California." (Opp. At 5.)  Of course, Plaintiffs are dead wrong and obviously have not read the current version of Local Rule 3.2 – amended almost *one year ago* – nor even checked this Court's website!  (A true and correct copy of Local Rule 3.2 from this Court's website is attached hereto as Exhibit B.)   Local Rule 3.2 requires that each non-governmental party "file a statement identifying all its *publicly held affiliates*."  Local Rule 3.2(a) (emphasis supplied).  Plaintiffs' erroneous belief that Local Rule 3.2

requires a party to disclose "*all* its affiliates" – the language of the old, superseded Rule – is a lynchpin of their position:  Without this erroneous interpretation of Local Rule 3.2, the wheels fall off of Plaintiffs' argument.

Of course, as Plaintiffs well suspect, AGM has no publicly held affiliates and has since filed a statement to that effect pursuant to Local Rule 3.2(a) ("If a non- governmental party has no publicly held affiliates, a statement shall be filed to that effect.").  Plaintiffs – presumably relying on the superseded version of Local Rule 3.2 – have sanctimoniously hurled repeated and inflammatory accusations that AGM "consciously disregarded the rules of this Court" and that AGM "blithely ignore[d] its obligation under Local Rule 3.2."  (*See* Opp. at 3, 8.)  Plaintiffs had, and have, no good faith basis for such accusations.

Compounding their mistake, Plaintiffs sent counsel for AGM a letter on March 19, 2008, reasserting their erroneous interpretation of Local Rule 3.2 and threatening further action against AGM based upon this perceived deficiency.  (A true and correct copy of that letter is attached hereto as Exhibit C.)  Plaintiffs' lack of attention to the accuracy – and the relevance – of the authority they cite is not confined to their misuse of Local Rule 3.2, but extends to virtually every case they rely upon and leaves their position without foundation.

**IV.    Plaintiffs' Argument As To Whether Complete Diversity Existed At The Time Of The Filing Of The Complaint Is Refuted By The Facts, As Demonstrated By The Attached Declaration of Gregory Bell, And Is Moot.**

The attached Second Declaration of Gregory Bell ("Bell Dec."), incorporated herein, confirms that there was no complete diversity at the time that Plaintiffs filed the Complaint.  The California limited partner was a limited partner of Lancelot Investors Fund LP – the sole owner of

AGM – when Plaintiffs filed their Complaint on December 20, 2007, and has remained a limited partner of Lancelot Investors Fund LP since that date.  (Bell Dec., ¶ 3.)

### Conclusion

This Court should review the declarations submitted by AGM and dismiss this case for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).  In the alternative, this Court should conduct an *in camera* review to  confirm that the California limited partner destroys complete diversity and therefore compels dismissal for lack of subject matter jurisdiction.


DATED:  March 20, 2008                          __/s/ David J. Stagman
                                                David J. Stagman
                                                I.D. # 6217440
                                                KATTEN MUCHIN ROSENMAN LLP
                                                525 W. Monroe Street
                                                Suite 1900
                                                Chicago, Illinois 60661
                                                Telephone:  312-902-5200
                                                Attorney for Defendant AGM, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, David Stagman, an attorney, hereby certify that on March 20, 2008, I electronically filed the foregoing *REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)* through the CM/ECF system for the United States District Court for the Northern District of Illinois, which will send a notice of electronic filing and serve the same on counsel of record below who are "Filing Users" within the meaning of the Court's General Order on Electronic Case Filing.

Hans U. Stucki
Epstein Becker & Green, P.C.
150 North Michigan Avenue, 35th Floor
Chicago, IL 60601-7553


   /s/ David J. Stagman

−10−