# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

150 N. MICHIGAN AVENUE
35TH FLOOR
CHICAGO, IL 60601-7553
312.499.1400
FAX: 312.845.1998
EBGLAW.COM

HANS U. STUCKI
TEL: 312.499.1445
FAX: 312.827.9545
HSTUCKI@EBGLAW.COM

March 19, 2008

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

David J. Stagman, Esq.
Katten Muchin Rosenman, LLP
525 West Monroe Street
Chicago, Illinois 60661

Re: *Auto Underwriters Portfolio Acquisition Company, Inc., et. al. v. AGM, LLC*
United States District Court for the Northern District of Illinois, No. 07 C 7160

Dear David:

I am writing this letter in response to the Corporate Disclosure Statement filed by AGM, LLC (hereinafter "AGM") in the federal court litigation referenced above. That disclosure statement states only that AGM "has no publicly held affiliates." AGM's disclosure statement does not comply with either the federal or the local rules regarding disclosure statements.

Federal Rule 7.1 requires any nongovernmental corporate party to, *inter alia*, identify any parent corporation or state that there is no such corporation. *See* Fed. R. Civ. P. 7.1. AGM's disclosure statement does not comply with this requirement.

Additionally, AGM's disclosure statement does not comply with Local Rule 3.2. Under that rule, corporations are required to disclose all "affiliates". *See* Local Rule 3.2. The rule defines an affiliate as: (i) any parent; (ii) any entity owning more than 5% of the corporation; or (iii) any member of a partnership, joint venture, LLC or LLP. *Id.* Significantly, Local Rule 3.2 is not limited to only publicly held affiliates. *Id.* Furthermore, if any "affiliate" is itself a partnership, joint venture, LLC or LLP or any other unincorporated association, the disclosure statement must also disclose all "affiliates" of that "affiliate." *Id.* In other words, if, for example, a litigant is a LLC and one of the members of that LLC is itself a partnership, then the litigant must disclose, at a minimum, all members of the LLC and all members of the partnership which itself is a member of the LLC. *See id.* AGM's disclosure statement does not comply with these requirements.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
CH:213940v1  NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

David J. Stagman, Esq.
March 19, 2008
Page 2

     As you are well aware, Plaintiffs' response to AGM's motion to dismiss details the specific requirements of Local Rule 3.2 and informed the Court that AGM had failed to file the required disclosure statement. It appears that AGM's recent filing is an attempt to respond to that portion of Plaintiffs' response brief. However, given the clear deficiencies of the disclosure statement filed by AGM, that recent filing does not cure AGM's continuing violation of Local Rule 3.2. Moreover, AGM's continued refusal to provide this "affiliate" information – information that is required to be disclosed by the Local Rules of the United States District Court for the Northern District of Illinois – simply reinforces Plaintiffs' position that this case should not be dismissed on jurisdictional grounds at this stage.

     Please be advised that if AGM fails to cure its ongoing violation of Local Rule 3.2, Plaintiffs will seek leave to file a surreply brief notifying the Court of the deficient nature of AGM's corporate disclosure statement.

Very truly yours,

Hans U. Stucki

cc:   Craig G. Ongley, Esq.
       Corey Perman, Esq.

CH:213940v1