IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation; AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas corporation; AUTO UNDERWRITERS OF AMERICA, INC., a California corporation;<br>                    Plaintiffs,<br>vs.<br><br>AGM, LLC, a Delaware limited liability company<br>                    Defendants. | Case No. 07 C 7160<br><br>**Honorable Judge David H. Coar**<br><br>**Magistrate Judge Susan E. Cox** |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this Court's order of March 12, 2008, Hans U. Stucki and Corey M. Perman representing plaintiffs and David J. Stagman representing the defendant met on March 26, 2008 pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;

(2)    the possibilities for a prompt settlement or resolution of this case;

(3)    to make or arrange for the disclosures required under Rule 26(a)(1): and

(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

1.    The parties have fully briefed a Motion initiated by the defendant to dismiss this matter for lack of subject matter jurisdiction; ruling on this motion will obviously have a direct impact on the scheduling or non-scheduling of this matter going forward.

2.    Beyond this, the parties do not currently anticipate the necessity of other steps to expedite this matter.

CH:215521v1

B. No modifications of the discovery requirements of the Federal Rules of Civil Procedure or Local Rules are needed to expedite discovery. The parties do, however, anticipate endeavoring to enter an agreed protective Order for submission to and consideration by the Court in this matter and to apply to the discovery herein.

C. Discovery will need to be conducted on the following subjects:

1. Whether and to what extent that complete diversity exists for purposes of the Court's jurisdiction over this matter.

2. Whether and to what extent plaintiffs have complied with the terms of the agreement of the parties, such as to require return of plaintiffs $964,000 downpayment on the subject transaction and $90,000 representing compensation due for services and reimbursement of costs required by the agreement.

2. Whether and to what extent any additional amounts are due to either plaintiffs or defendant under the agreement of the parties.

3. Whether and to what extent the agreement of the parties was entered into as a result of fraudulent conduct by defendant.

D. Discovery need not be conducted in phases.

E. Discovery is not likely to be contentious, such that referral to a Magistrate Judge on this matter is not necessary.

F. The parties do not consent to the matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternate dispute resolution and concluded that it is not appropriate at this time.

H.  The parties have discussed a prompt settlement or other resolution of this matter. On April 10, 2008, the plaintiff has made a written demand of $1,054,000 The defendant has not yet had adequate time to respond to this demand.

I.  The Court need not consider means of expediting the resolution of this matter at this time.

Respectfully Submitted,

EPSTEIN BECKER & GREEN, P.C.

By: /s Hans U. Stucki
Attorneys for Plaintiffs

KATTEN MUCHIN ROSENMAN LLP

By:/s David J. Stagman
Attorneys for Defendant