IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation, AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas Corporation, AUTO UNDERWRITERS OF AMERICA, a California corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>AGM, LLC, a Delaware limited liability company,<br><br>  Defendant. | Case Number 07 C 7160<br><br>**Honorable Judge David H. Coar**<br><br>**Magistrate Judge Susan E. Cox** |

**RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant AGM, LLC ("AGM" or "Defendant"), through its attorneys, hereby respectfully moves this Court to dismiss Plaintiffs' complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. In support of its motion, Defendant states as follows:

1. On December 20, 2007, Plaintiffs electronically filed their Complaint against AGM.

2. On February 8, 2008, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion"). Specifically, Defendant asserted that complete diversity between the parties is lacking here because Defendant, a limited liability company, has a limited partner with the same state of citizenship as one of the Plaintiffs (California). In support of its motion to dismiss, Defendant submitted a Declaration of its

general manager asserting the California citizenship of that member. The Declaration also stated that the identities of Defendants' limited partners, and information relating to those limited partners, is confidential business information.

3. This Court entered a briefing schedule on the Motion and the parties submitted briefs. Defendant submitted an additional Declaration by its General Manager regarding its limited partner's status as a California citizen.

4. In opposition, Plaintiffs argued that the Declaration of Defendant's general manager was insufficient to establish citizenship and demanded that additional proof be submitted directly to Plaintiffs.

5. On April 3, 2008, at a hearing in open Court, this Court denied the Motion. The Court indicated that the Declarations submitted by Defendant insufficient to demonstrate that diversity did not exist and stated that Defendant should provide additional proof regarding the purported California citizenship of its limited partner. With respect to Defendant's stated concerns regarding the confidential nature of its limited partners' identities and information, the Court said that the parties should be able to address any such concerns through a protective order.

6. As part of the parties discussions pursuant to F.R.C.P. 26(f), counsel for Defendant drafted a Protective Order and sent it to counsel for Plaintiffs. The Report of Parties' Planning Conference, filed on April 10, 2008, states that the parties "anticipate endeavoring to enter an agreed protective Order for submission to and consideration by the Court . . . ." [Docket No. 25.]

7. Soon thereafter, counsel for Plaintiffs notified counsel for Defendant that Plaintiffs would be substituting counsel. Counsel for Plaintiffs, Mr. Hans Stucki, apprised the Court of this fact at the April 15, 2008, Rule 16(b) Scheduling Conference and introduced Plaintiffs' new counsel,

Mr. Ian Sherman.  Mr. Sherman told the Court that he had not yet entered his appearance on behalf of Plaintiffs but would do so shortly.  Immediately following the Court hearing as well as later that day, counsel for Defendant discussed, and corresponded, with Mr. Sherman regarding the proposed Protective Order and documents that Defendant was prepared to produce to demonstrate the California citizenship of Defendant's limited partner.

8. On April 17, 2008, by agreement of the parties, Defendant moved the Court for an extension of time – up to and including today, May 19, 2008 – for Defendant to answer or otherwise plead.  The parties sought the extension of time to "negotiat[e] the Protective Order to be submitted to the Court, so as to facilitate discovery relating to the issue of diversity of citizenship."  [Docket No. 28.]  This Court granted that motion for extension of time.  [Docket No. 30.]

9. The parties have now executed a Provisional Confidentiality Order in anticipation of this Court's entry of a Protective Order and are moving this Court for entry of a Protective Order.

10. Pursuant to the Provisional Confidentiality Order, Defendant has produced documents to Plaintiffs that demonstrate the California citizenship of Defendant's limited partner, including: (1) a Declaration of that limited partner; (2) a Schedule K-1; and (3) the subscription agreement and other materials through which the limited partner subscribed as an investor in Defendant.

11. The documents and information that Defendant has produced will unequivocally demonstrate that Defendant's limited partner is a California citizen.  For example, the Declaration of the California limited partner ("Declaration") – attached hereto in redacted form as Exhibit A – states: (a) that he is an investor and limited partner of Defendant through a California trust, organized in California, the executors and beneficiaries of which are Californians (Declaration ¶ 2);

(b) that he and his wife have lived in Calabasas, California, continuously since 1977 and own no other residences (Declaration, ¶ 4); (c) that he is retired and worked in California for 20 years prior to retirement (Declaration, ¶ 5); (d) that he and his wife have been registered to vote in California since 1977 and have voted in almost every election in California since 1977 (Declaration, ¶ 6); (e) that he has had a California drivers license since 1977 (Declaration, ¶ 7); (f) that he owns a car registered in California (Declaration, ¶ 8); (g) that his primary bank account is in California (Declaration, ¶ 9); and (h) that he pays income tax, and has paid income tax, in California as a California resident since 1977 (Declaration, ¶ 10).

12.  Accordingly, Defendant expects that Plaintiffs – in short order – will review these documents and information and agree to voluntarily dismiss this action for lack of subject matter jurisdiction. In the alternative, Defendant requests that this Court review these documents in a manner consistent with the provisions of the Protective Order and dismiss this action for lack of subject matter jurisdiction

WHEREFORE, Defendant requests that the Court enter an order dismissing Plaintiffs' complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

In support of its motion, Defendant submits herewith its Memorandum in Support.

DATED:  May 19, 2008         /s/ David J. Stagman
David J. Stagman
I.D. # 6217440
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, Illinois 60661
Telephone:  312-902-5200
david.stagman@kattenlaw.com
Attorney for Defendant AGM, LLC