IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO UNDERWRITERS PORTFOLIO ACQUISITION COMPANY, INC., a Texas corporation, AUTO UNDERWRITERS FINANCE COMPANY, INC., a Texas Corporation, AUTO UNDERWRITERS OF AMERICA, a California corporation, | ) ) ) ) ) ) ) | Case Number 07 C 7160 |
| Plaintiffs, | ) ) ) | **Honorable Judge David H. Coar** |
| v. | ) ) | **Magistrate Judge Susan E. Cox** |
| AGM, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant AGM, LLC ("AGM" or "Defendant"), through its attorneys, hereby respectfully submits this memorandum of law in support of its Renewed Motion to Dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction ("Renewed Motion").

Plaintiffs have attempted to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332, asserting that there is a "complete diversity of citizenship between the parties." (Complaint, ¶ 5.) As set forth below, Plaintiffs are wrong. Complete diversity between the parties is lacking here because Defendant AGM, a limited liability company, has at least one member – when its members are traced all the way through to natural persons, as required for determining diversity

jurisdiction – with the same state of citizenship as one of the Plaintiffs.  Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

I. **Complete Diversity Is Required To Confer Jurisdiction And This Court Must Consider The Evidence Submitted By Defendant And Not Simply Defer To The Allegations Of The Complaint.**

The federal diversity statute confers jurisdiction in the federal courts over civil actions between "citizens of different States."  28 U.S.C. § 1332(a).  Since its enactment, courts have interpreted the diversity statute to require "complete diversity" of citizenship: that is, no opposing parties may be citizens of the same state.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990), *citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

A court need not accept the bald allegations of a complaint that diversity exists.  To the contrary, "in any case involving diversity jurisdiction, before proceeding to the merits, this court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332."  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) (addressing deficiencies in jurisdictional statements at both the district court and appellate court level and stating that "an appellant's naked declaration that there is diversity of citizenship is never sufficient.")  Particularly where – as here – a party has moved to dismiss a complaint for lack of subject matter jurisdiction and submitted declarations and documents to show that diversity does not exist, "[t]he court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists."  *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993), *citing Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

Moreover, when the existence of subject matter jurisdiction is challenged by the defendant as a factual matter in a Rule 12(b)(1) motion to dismiss, the burden of proving jurisdiction rests with the plaintiff. *Bobeck v. Dept. of Health and Human Services*, 1996 WL 89111, *2 (N.D. Ill. Feb. 27, 1996), *citing Grafon*, 602 F.2d at 783. Thus, Plaintiffs now have the burden of proving that subject matter jurisdiction exists here, which they cannot do.

II.   **The Documents And Information That Defendant Have Produced To Plaintiffs Demonstrate That Complete Diversity Does Not Exist Here And That This Court Does Not Have Jurisdiction Over This Matter.**

For purposes of determining diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Thus, this Court must look to the members of AGM to determine whether subject matter jurisdiction exists. Indeed, Plaintiffs concede that they "do not dispute Defendant's reasoning regarding a determination of diversity jurisdiction." (Plaintiffs Opposition To Defendant's Motion to Dismiss [Docket No. 17], at 2.)

As set forth in the Declaration of Gregory Bell ("Bell Dec."), attached to the memorandum in support of Defendant's first Motion to Dismiss [Docket No. 15] and incorporated herein, AGM is a limited liability company ("LLC") organized under the laws of the state of Delaware. (Bell Dec., ¶ 2.) However, the sole owner of AGM is Lancelot Investors Fund LP, a Delaware limited partnership. (Bell Dec., ¶ 3.) This fact dictates that the inquiry continue, because "a 'limited partnership association' – although possessing 'some of the characteristics of a corporation' and deemed a 'citizen' by the law creating it – may not be deemed a 'citizen' under the jurisdictional rule established for corporations." *Carden*, 494 U.S. at 189. Thus, this Court must inquire further into the citizenship of the partners of the limited partnership. The inquiry here is virtually identical to the

jurisdictional analysis conducted by the Seventh Circuit in *Thomas*, where the Court looked at the members of the defendant LLC only to find that one of the members was a partnership, thus necessitating further inquiry into the citizenship of each of the individual partners. *Thomas*, 487 F.3d at 534.

The partners of Lancelot Investors Fund LP are a general partner – Lancelot Investment Management LLC, a Delaware limited liability company – and numerous limited partners. (Bell Dec., ¶ 4.) A federal court must look to the citizenship of a partnership's limited partners, as well as its general partners, to determine whether there is complete diversity. *Carden*, 494 U.S. at 192. Here the analysis reaches its conclusion.

As set forth in Defendant's Renewed Motion, Defendant has produced documents and information to Plaintiffs that demonstrate the California citizenship of Defendant's limited partner, including: (1) a Declaration of that limited partner; (2) a Schedule K-1; and (3) the subscription agreement and other materials through which the limited partner subscribed as an investor in Defendant. (Renewed Motion, ¶10.) Those documents and information unequivocally demonstrate that Defendant's limited partner is a California citizen. Specifically, the Declaration of the California limited partner states that he and his wife have lived in California continuously since 1977 and own no other residences, that he is retired and worked in California for 20 years prior to retirement, that he and his wife have been registered to vote in California since 1977 and have voted in almost every election in California since 1977, that he has had a California drivers license since 1977, that he owns a car registered in California, that his primary bank account is in California, and that he pays income tax, and has paid income tax, in California as a California resident since 1977 (Renewed Motion, ¶ 11). This information more than satisfies the factors articulated by the Seventh

Circuit in determining an individual's citizenship. *See, Midwest Transit, Inc. v. Hicks*, No. 03-1227, 2003 WL 22435694 *3 (7th Cir.) ("[C]ourts have tried to glean intent [to remain in a state for purposes of establishing citizenship] from the following factors: current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments.")

Accordingly, this evidence demonstrates that at least one of the limited partners of Lancelot Investors Fund LP is a California resident. This fact destroys complete diversity because, according to the Complaint, Plaintiff Auto Underwriters of America is a California corporation and thus also a citizen of California. (Complaint, ¶ 3.) Therefore, at least one Plaintiff and one member of Defendant are citizens of California.

**Conclusion**

Complete diversity between parties is an absolute requisite of subject matter jurisdiction under 28 U.S.C. § 1332(a).  Because at least one Plaintiff and one member of Defendant are citizens of the same state – California – complete diversity between the parties is destroyed and this Court lacks subject matter jurisdiction over this matter.

WHEREFORE, Defendant requests that this Court dismiss this matter for lack of subject matter jurisdiction.

DATED:  May 19, 2008              /s/ David J. Stagman
                                  David J. Stagman
                                  I.D. # 6217440
                                  KATTEN MUCHIN ROSENMAN LLP
                                  525 W. Monroe Street
                                  Suite 1900
                                  Chicago, Illinois 60661
                                  Telephone:  312-902-5200
                                  david.stagman@kattenlaw.com
                                  Attorney for Defendant AGM, LLC